Peter N. Brewer, Esq. St.Bar №87971
Julia M. Wei, Esq. St.Bar №218005
Eric T. Hartnett, Esq. St. Bar 234765
Law Office of Peter N. Brewer
350 Cambridge Avenue, Suite 200
Palo Alto, CA 94306

Ph: 650/327-2900 / Fax: 650/327-5959

Attorney for Plaintiffs Lew Jenkins and
Linda M. Jenkins, as Trustees of the Jenkins Trust U/A/D 1/15/98 and
Jack H. Freskos, beneficiary of IRA 042640 at Westamerica

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA (San Francisco)

| | |
|---|---|
| In Re:<br>    David Salma,<br><br>                     Debtor<br><br>Lew Jenkins and Linda M. Jenkins, as Trustees of the Jenkins Trust U/A/D 1/15/98 and Jack H. Freskos, beneficiary of IRA 042640 at Westamerica<br>                     Plaintiffs<br><br>V.<br><br>David Salma; Marion Zaborski; Faton Binaku; Ruben Picardo; Seattle Block, LLC; and Does 1-10,<br>                     Defendants | Chapter 7<br><br>Adversary Proceeding No.<br><br>Case №:09-30863 TEC<br><br>COMPLAINT FOR NON-DISCHARGEABILITY ON THE GROUNDS FRAUD<br><br>JURY DEMANDED |

Plaintiffs allege as follows:

**GENERAL ALLEGATIONS**

1. This proceeding is brought in connection with defendant David Salma's Chapter 7 case, now pending in this court. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 157, 523, and 1334. This is a core proceeding under 28 U.S.C. section 157(b)(2)(I).

COMPLAINT NON-DISCHARGEABILITY (Fraud)    1

2. At all relevant times, Plaintiffs were and are creditors of David Salma (hereinafter "Defendant" or Salma") and are residents of the State of California.

3. At all relevant times, Defendant Salma was an individual residing in San Francisco. Defendant Debtor filed his petition for bankruptcy on or around April 9, 2009.

4. At all relevant times, Defendant Marion Zaborski was an individual residing in San Francisco.

5. At all relevant times, Defendant Seattle Block, LLC was a business entity located in San Francisco and doing business in San Francisco. Defendant Debtor filed his petition for bankruptcy on or around April 9, 2009.

6. At all relevant times, Faton Binaku was living in San Francisco and doing business in San Francisco.

At all relevant times, Defendant Ruben Picardo was doing business in San Francisco.

7. David Salma, an individual, executed a Promissory Note for the amount $1,670,500.00 secured by a Deed of Trust in favor of Plaintiffs ("Loan"). A true and correct copy of the Promissory Note is attached as Exhibit "A." A true and correct copy of the Deed of Trust against 1900 EDDY STREET is attached as Exhibit "B."

8. The subject of the Loan was that certain piece of real property located in the County of San Francisco, California, commonly known as 1900 Eddy Street, San Francisco, CA, with APN Lot 007 Block 1126 hereinafter referred to as the "1900 EDDY STREET" that Salma owed at the time of the Loan. 1900 Eddy Street is a four-story mixed use apartment and retail building in the area of San Francisco referred to as the "Western Panhandle."

9. To procure the Loan, Salma used the mortgage broker services of Sequoia Mortgage Capital, Inc.. Plaintiffs are informed and believe and therein allege that Salma procured fictitious or over-inflated appraisals of 1900 Eddy Street to obtain the Loan. Plaintiffs are informed and believe and thereon allege that Salma also supplied fraudulent information on his assets and income to obtain the Loan.

10. One such appraisal appraised the Property at or around $6.2M as of September of 2003. A subsequent appraisal valued the Property at or around $7.67M in March of 2006.

11. On the basis of Salma's loan application and the inflated appraisal reports, Plaintiffs made a

series of loans to Salma that was ultimate rolled into the subject Loan to Salma. The Loan was junior to East West Bank, holder of the senior Note.

12. Salma failed to make the payments required under the Promissory Note beginning on or around August 1, 2007 payment where all unpaid interest and principal were then called by Plaintiffs as due and payable.

13. Shortly thereafter, Plaintiffs learned that Salma has ceased to make the mortgage payments to the senior lender, and both loans were in default and in foreclosure.

14. East West Bank subsequently brought a Complaint in the San Francisco County Superior Court for a judicial foreclosure and to appoint a receiver to collect the rents.

15. Near the end of that litigation, Plaintiffs learned that Property was not in fact worth the $6.2M in 2003 and in fact, the highest potential value of the Property at that time would have been only in the low $4M range. Plaintiffs are informed and believe and thereon allege that Salma supplied fraudulent and inflated rent rolls to the appraiser to artificially inflate the price of the Property and defraud his lenders, including Plaintiffs.

16. Plaintiffs further learned during the course of the East West litigation that Salma had allegedly transferred leasehold interests to his cohort Faton Binaku and committed waste to the Property.

17. Plaintiffs reasonably relied on the representations and statements of Salma during his loan application process and was ignorant of the falsity of those representations. Had Plaintiffs known the true value of the Property and the leasehold assignments purportedly given by Salma, Plaintiffs would not have made the Loan.

**FIRST CLAIM FOR RELIEF**

(As Against Defendant Salma and Does 1-10 - Objection to Discharge - False Pretenses and Writings)

18. Plaintiffs reallege and incorporate paragraphs 1 through 14 above of this Complaint.

19. Under 11 U.S.C. Section 523(a)(2)(A) and (B), these claims are non-dischargeable, because they arise from Defendant's false pretsense, false representations, and actual fraud, and through the use of a statement in writing that is materially false.

20. Defendant Salma together with Does 1-10 intentionally made representations of material facts to Plaintiffs, to induce Plaintiffs to allow Defendant to borrow from Plaintiffs the amount of One Million Six Hundred Seventy Thousand Five Hundred Dollars ($1,670,500.00).

21. Defendant Salma together with Does 1-10 represented that Salma was solvent by generating false rent rolls and procured inflated appraisal values. The fictional assets/income of the borrower, and the inflated appraisals were used to help procure the Loan.

22. Such representations were false and Defendants knew they were false when they made them.

23. Defendant Salma and Does 1-10 made the representations stated above to conceal the true value of the Property and solvency of Salma, with the intent to defraud Plaintiffs and induce them to rely on the representations.

24. Plaintiffs reasonably relied on the Defendants' deceptions and these Defendants knew and intended that Plaintiffs would rely on the inflated value of the Property and worth of Defendant Salma and, consequently, lend funds on that basis.

25. As a direct result of Plaintiffs' reliance on the misrepresentations and wrongful concealment identified herein, Plaintiffs have suffered and continue to suffer damages in an amount in excess of the jurisdiction minimum of this Court.

26. The above-described conduct by all Defendants was intentional, malicious, and fraudulent within the meaning of California Civil Code § 3294, warranting an award of punitive or exemplary damages in an amount as proved at trial.

Wherefore, Plaintiffs pray for judgment as hereafter set forth.

## SECOND CLAIM FOR RELIEF

(As Against All Defendants - Objection to Discharge - Fraudulent Transfer)

27. Plaintiffs reallege and incorporate paragraphs 1 through 14 above of this Complaint.

28. Plaintiffs are informed and believe and thereon allege that Salma has transferred income and assets to his partner, Marion Zaborski, and his cohorts Seattle Block, LLC, Faton Binaku, and Ruben Picardo to avoid collection by Plaintiffs.

29. Plaintiffs are informed and believe and thereon allege such transfers were made for the sole

purpose to hinder, delay and defraud creditors and are an abuse of the Bankruptcy laws.

30. Under 11 U.S.C. Section 523(a)(2)(A) and (B), these claims are non-dischargeable, because they arise from Defendant's actual fraud.

**PRAYER**

Wherefore, Plaintiffs pray for judgment against Defendants as follows:

a. for a judgment determining that the debts and claims owed by Defendant Salma to Plaintiffs is non-dischargeable;

b. that the court determine all issues in controversy between Plaintiff and Defendants relative to these claims and render judgment for Plaintiff for the amount of the claims, in excess of $2.2M, plus interest and attorneys' fees;

c. for a rescission of the fraudulent transfers;

d. for costs of suit herein incurred; and

e. for such further and other relief as the court deems just and proper.

**JURY DEMAND**

Plaintiffs request a jury.

DATED: July 13, 2009           THE LAW OFFICE OF PETER N. BREWER

By: /s/ Julia Wei
Julia M. Wei,
Attorney for Plaintiffs Lew Jenkins and
Linda M. Jenkins, as Trustees of the Jenkins Trust U/A/D 1/15/98 and Jack H. Freskos, beneficiary of IRA 042640 at Westamerica