Entered on Docket
June 28, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: June 25, 2010

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAVID SALMA,<br><br>              Debtor.<br>_____<br>LEW JENKINS and LINDA JENKINS, as Trustee of the Jenkins Trust U/A/D 1/15/98 and JACK H. FRESKOS, beneficiary of IRA 042640 at WESTAMERICA,<br><br>              Plaintiffs,<br><br>   vs.<br><br>DAVID SALMA, RUBEN Q. PICARDO, SEATTLE BLOCK, LLC, FATON BINAKU, and MARION ZABORSKI, and DOES 1-10,<br><br>              Defendants.<br>_____ | Case No. 09-30863 TEC<br><br>Chapter 7<br><br><br><br>Adv. Proc. No. 09-3126 TC<br><br><br><br><br><br><br><br><br><br>Date: July 2, 2010<br>Time: 9:30 a.m.<br>Ctrm: 235 Pine St., 23rd Fl.<br>      San Francisco, CA |

**TENTATIVE RULING RE DEFENDANT DAVID SALMA'S
MOTION FOR SUMMARY JUDGMENT**

    The motion for summary judgment filed by David Salma (hereinafter Defendant) should be granted.

    Plaintiffs' claims require a finding that Defendant intentionally misstated the amount of rent actually received.

    Plaintiffs bear the burden of proof on this issue.

**TENTATIVE RULING RE MTN.
FOR SUMM. JUDG.**    -1-

Defendant's motion contests whether Plaintiffs have any evidence showing that the rent roll allegedly provided by Defendant falsely stated the rent that Defendant actually received in early 2006. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

It does not appear Plaintiffs have any such evidence. Plaintiffs rely solely upon the Dunlap appraisal, which states in relevant part that the residential units had a combined market rental value of $27,070 in March 2008. Property Sciences represents in its March 2006 appraisal that Defendant provided a rent roll showing combined actual rents of $29,615. This evidence is not sufficient to form the basis for a judgment against Defendant. First, the Dunlap appraisal purports only to state *market rental value* not *actual rents received.* Second, there is an important disparity in time between Defendant's alleged representation and the Dunlap appraisal. Real estate values suffered an historic collapse between March 2006 and March 2008, and Property Science states that the rent-roll amounts represented market rent in March 2006. Third, the disparity between the rent roll and Dunlap's estimated market value is small enough that it is adequately explained by the difference in time. Fourth, Plaintiffs have submitted no direct evidence that the rent roll was inflated – no copies of leases, checks, testimony from tenants, or any other evidence that tenants actually paid less than the amounts shown in the rent roll.

**\*\*END OF TENTATIVE RULING\*\***