Entered on Docket
February 22, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 18, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAVID SALMA,<br><br>                Debtor.<br>_____<br>LEW JENKINS and LINDA JENKINS, as Trustee of the Jenkins Trust U/A/D 1/15/98 and JACK H. FRESKOS, beneficiary of IRA 042640 at WESTAMERICA,<br><br>                Plaintiffs,<br><br>  vs.<br><br>DAVID SALMA, RUBEN Q. PICARDO, SEATTLE BLOCK, LLC, FATON BINAKU, and MARION ZABORSKI, and DOES 1-10,<br><br>                Defendants.<br>_____ | Case No. 09-30863 TEC<br><br>Chapter 7<br><br><br><br>Adv. Proc. No. 09-3126 TC |

**MEMORANDUM RE PLAINTIFFS': (1) MOTION FOR AMENDED JUDGMENT, NEW TRIAL, OR RELIEF FROM JUDGMENT; AND (2) MOTION TO STAY AWARD OF COSTS**

The court held a trial in this action on November 2-3, 2010, and entered judgment for Defendant David Salma ("Defendant") on November 15, 2010. On November 23, 2010, Plaintiffs filed the instant motion for amended judgment, new trial and relief from

MEMORANDUM RE PLAINTIFFS' MOTIONS
FOR AMENDED JUDGMENT AND TO STAY
AWARD OF COSTS

-1-

judgment, but did not set that motion for hearing. On November 24, 2010, Defendant filed a bill of costs, requesting the Clerk to tax costs in the sum of $3,210.95. On December 1, 2010, Plaintiffs' filed a Request to Stay Award of Costs, but did not set that request for hearing. Plaintiffs did not file an objection to the bill of costs. Upon due consideration, and for the reasons stated below, the court determines that a hearing would not be helpful, that the motion for amended judgment and the request to stay award of costs should be denied.

1. <u>Motion for Amended Judgment, New Trial and Relief from Judgment</u>

Plaintiffs contend that this court misconceived the standard for determining whether reliance is justifiable.

Plaintiffs first contend that in imposing upon them a duty of inquiry the court erred, because Plaintiffs had not received sufficient warning signs that the information at issue might not be correct. This argument is not persuasive. Plaintiffs received no information re rental income directly from Defendant. The only information provided by Defendant was incorporated into the appraisal report. That appraisal report contained a clear warning that the stated value was dependent upon future events and would be materially affected if those future events did not occur.

Plaintiffs next contend that this warning was inapplicable because they relied upon the "as-is" value stated in the appraisal report. This argument is unpersuasive, because the discussion of "as-is" value in the appraisal report reveals clearly that it was dependent upon the same contingent events as the prospective value. It was not justifiable for Plaintiffs to rely upon the "as-is" value without reading the text that explained what "as-is" value

meant.  Plaintiffs seek in substance to rely upon part of the appraisal while ignoring other parts.

Plaintiffs' third contention is that they were justified in relying upon Defendant's misrepresentations of the income from residential units, which was material and was not dependent upon future events.  I simply cannot credit that Plaintiffs were justified in letting themselves be misled by a relatively small misrepresentation, when they ignored clear warning signs regarding a much more material misrepresentation.

Finally, Plaintiffs seek to reopen the case to supply new evidence regarding Defendant's intent to deceive.  There is no purpose in taking such evidence if Plaintiffs cannot establish the requisite reliance.

## 2. Request to Stay Award of Costs

Defendant timely filed and served a bill of costs that separately states each item of taxable costs claimed and is supported by the required affidavit and documentation.  Civ. L.R. 54-1(a); B.L.R. 1001-2(a).  Plaintiffs did not timely file an objection to the bill of costs.  Civ. L.R. 54-2; B.L.R. 1001-2(a). The court has denied Plaintiffs' motion to amend the judgment. Accordingly, there is no basis to stay the Clerk's award of costs to Defendant, and Plaintiff's motion for stay of costs is denied. Civ. L.R. 54-4; B.L.R. 1001-2(a).

**\*\*END OF MEMORANDUM\*\***